■ In the Matter of the Claim of Kirsten S. Wackford, Appellant. Commissioner of Labor, Respondent. [727 NYS2d 186]

—Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 7, 2000, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant worked as an office manager for the employer, an insurance agency. Following an altercation with her live-in boyfriend, the employer permitted claimant to take a day off from work so that she could move out of their shared apartment. Late that evening, when claimant realized that she would need another day to finish moving, she had her sister telephone the employer to ask for a second day off. The employer refused, stating that if claimant failed to appear for work her employment would be terminated. Claimant never returned to her employment on the assumption that she had been discharged. The Unemployment Insurance Appeal Board thereafter ruled that claimant was disqualified from receiving unemployment insurance benefits because she had voluntarily left her employment without good cause.

A claimant who fails to take a step that is reasonably required for continued employment will be deemed to have left that employment without good cause (*see, Matter of Carrasco [Commissioner of Labor]*, 271 AD2d 788, 788-789; *Matter of Bonilla [Sweeney]*, 233 AD2d 735, 735-736). Claimant's contention that she left her employment for good cause because her boyfriend's unstable mental condition rendered it unsafe for her to delay moving raised an issue of credibility for resolution by the Board (*see, Matter of Wilder [Commissioner of Labor]*, 271 AD2d 789). As the Board's decision was supported by substantial evidence, it will not be disturbed.

Cardona, P. J., Crew III, Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.